IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SANDRA PATERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 05-1049-CV-W-SOW |
| ) | |
| WAL-MART STORES INC., ) | |
| ) | |
| Defendant. ) | |

ORDER

Pending before the Court is Defendant Wal-Mart Stores, Inc.'s Motion to Stay (Doc. # 9) and Defendant Wal-Mart Stores, Inc.'s Motion to Transfer (Doc. # 5). For the reasons stated below, defendant's motion to stay is dismissed as moot and defendant's motion to transfer is granted.

On June 30, 2005 Metabolife International filed a Chapter 11 petition under Title 11 of the United States Code (Bankruptcy Code) in the United States Bankruptcy Court for the Southern District of California. The instant case was filed on August 26, 2005 in the Circuit Court of Jackson County, Missouri against Wal-Mart Stores, Inc. ("Wal-Mart"). Wal-Mart removed the case to this Court on October 28, 2005.

The plaintiff, Sandra Paterson, seeks monetary redress resulting from her alleged purchase, and use, of Metabolife 356, a product manufactured by Metabolife. Plaintiff has asserted claims of negligence and strict liability for product defect and failure to warn against Wal-Mart. Plaintiff further claims that the product allegedly purchased and consumed was marketed, promoted, distributed or sold by Wal-Mart. Defendant Wal-Mart informs the Court that because Metabolife manufactured the product in question, it has a contractual and equitable

obligation to defend, indemnify and hold Wal-Mart harmless from certain claims, including those asserted in this action and therefore the outcome of this action could have an effect on the estate being administered in bankruptcy.

On September 16, 2005, Metabolife filed a petition under 28 U.S.C. § 157(b)(5) for an order transferring approximately 162 personal injury or wrongful death actions pending against Metabolife and defendants, or other non-debtor defendants to the United States District Court for the Southern District of California. A hearing was held on that motion on October 24, 2005. On November 18, 2005, the Honorable Irma E. Gonzalez granted the petition. Judge Gonzalez has ordered the immediate transfer of all personal injury or wrongful death Metabolife ephedra actions pending in jurisdictions across the country to the Southern District of California.

Wal-Mart now seeks transfer of this case to the United States District Court for the Southern District of California based on 28 U.S.C. § 1404(a). This provision provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to avoid the waste of time, energy, and money to safeguard litigants, witnesses and the public against inconvenience and expense. See Insured Accounts Co. Inc. v. Am. Modern Home Ins. Co., 1988 U.S. Dist. LEXIS 10282, *7 (W.D. Mo. Sept. 14, 1988). "The moving party has the burden of proving that the transfer will be to a more convenient forum." Id. at *2. The party seeking transfer must show that: (1) venue is proper in both the transferor and the transferee Court; (2) transfer is for the convenience of the parties and witnesses and; (3) transfer is in the interest of justice. See Terra Intl. v. Miss. Chem. Corp., 119 F.3d 688, 696 (8th Cir. 1997).

In this case, the Court finds that transfer to the Southern District of California is warranted. First, venue is proper in the Southern District of California because the case is "related to" the Metabolife bankruptcy proceeding pending in the Bankruptcy Court in that District. See 28 U.S.C. § 1409(a). Although Metabolife is not a defendant, Wal-Mart will have a claim for indemnity under its agreement with Metabolife - a claim which could affect the administration of the estate and Metabolife's obligations as the debtor. Second, defendant Wal-Mart has demonstrated that transfer is for the convenience fo the parties and witnesses. The majority of documentation and well as the witnesses in this case would be at the Metabolife headquarters in California or in the Metabolife document depository in Southern California. Finally, transfer is in the interest of justice. Approximately 162 state court actions across the United States concerning the Metabolife product are the subject of removal or transfer motions to the Southern District of California. The transfer of this case will contribute to efficient and consistent outcomes. Accordingly, this Court finds that venue in the Southern District of California is appropriate.

Along with the present motion to transfer, Wal-Mart filed a motion to stay all proceedings in this Court pending this Court's decision whether to grant Wal-Mart's motion to transfer. Since this Court has decided to grant Wal-Mart's motion to transfer, its motion to stay proceedings in this case pending transfer is dismissed as moot.

Accordingly, it is hereby

ORDERED that scheduling teleconference set for December 15, 2005, in this court is cancelled. It is further

ORDERED that Defendant Wal-Mart Stores, Inc.'s Motion to Stay (Doc. # 9) is

dismissed as moot. It is further

ORDERED that Defendant Wal-Mart Stores, Inc.'s Motion to Transfer (Doc. # 5) is granted. This case is transferred to the United States District Court for the Southern District of California for all further proceedings.

/s/Scott O. Wright  
SCOTT O. WRIGHT  
Senior United States District Judge

Dated: 12-5-05